**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LORI GRAMMER, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>COLORADO HOSPITAL ASSOCIATION SHARED SERVICES, INC., *et al.*,<br><br>    Defendants. | Case No. 2:14–cv–1701–RFB–VCF<br><br>**ORDER** |

This matter involves Lori Grammer's breach-of-contract action against Colorado Hospital Association Shared Services, Inc., *et al*. Before the court is Defendant's Motion to Stay Discovery (#15). Grammer opposed (#17); and Defendant replied (#18). For the reasons stated below, Defendant's motion granted.

**BACKGROUND**

Lori Grammer is a registered nurse. On December 23, 1988, she was working for Poudre Valley Hospital in Fort Collins, Colorado and was severely injured. After several surgical procedures, Grammer's health deteriorated. Eventually, Grammer and her husband, Steven, moved to Las Vegas, Nevada.

Since Grammer's injuries occurred during the course of her employment, her medical care was covered by a worker's compensation program. That program is overseen by Colorado Hospital Association Shared Services, Inc. and administered by CorVel Corporation. Accordingly, after experiencing several problems obtaining healthcare through the program, Grammer commenced this action against Colorado Hospital Association Shared Services, Inc. and CorVel Corporation, among others, in the Eighth Judicial District Court for the State of Nevada. (*See* Compl. (#1-2) at 15).

Three events in the procedural history of Grammer's action are relevant here. First, on October 15, 2014, Defendants removed Grammer's action to this court. Second, on October 23, 2014, the Honorable Robert Bare, Eighth Judicial District Judge, entered a stay because Grammer failed to exhaust her administrative remedies by litigating her claim through the Colorado Worker's Compensation system. (*See* Order (#15-1) at 3). Third, on November 11, 2014, Grammer filed a motion to remand, arguing that this court lacks jurisdiction because the parties are nondiverse and not, as Defendants contend, fraudulently joined.

Now, Defendants requests a discovery stay in this action, contending that this court is bound by Judge Bare's October 23, 2014, order. In opposition, Grammer argues that Judge Bare's order is "not valid" because it was entered after removal. This order follows.

**DISCUSSION**

Defendants' contention that this court's proceedings are bound by Judge Bare's order fails as a matter of law for two reasons. First, removal strips the state court of its jurisdiction. *See* 28 U.S.C. § 1446(d) (stating that, after removal, "the State court shall proceed no further unless and until the case is remanded."). Here, Defendants removed the action on October 15, 2014, and Judge Bare entered his order on October 23, 2014. Under section 1446(d), Judge Bare's order is without force or effect.

Second, even if Judge Bare's order had been entered before removal, the Federal Rules of Civil Procedure, like other provisions of federal law, govern proceedings in federal court after removal. FED. R. CIV. P. 81(c); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438 (1974) ("Once case has been removed to federal court, federal rather than state law governs future course of proceedings, notwithstanding state court orders issued prior to removal."). This means that while "the federal court 'takes the case up where the State court left it off,'" *see Duncan v. Gegan*, 101 U.S. 810, 812 (1880), it nonetheless retains the power to modify, rescind, or

reconsider any order so long as the federal court retains jurisdiction. FED. R. CIV. P. 60(b); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

Nonetheless, these rules do not render Judge Bare's order a mere nullity. The Constitution's system of federalism binds state and federal courts through the principles of comity, a doctrine which "fosters respectful, harmonious relations between the state and federal judiciaries." *Wood v. Milyard*, 132 S.Ct. 1826, 1833 (2012) (citation omitted). In light of Jude Bare's ruling and Grammer's pending motion to remand, the court grants a temporary stay of discovery pending the District Court's adjudication of the motion to remand.

A temporary discovery stay is warranted under the controlling federal law. Although the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially jurisdictional motion is pending, *see, e.g.*, *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995), Rule 26(c)(1) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This includes the power to stay discovery. *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). Typical situations in which a discovery stay is appropriate include motions that raise issues of jurisdiction, venue, or immunity. *Id.* Here, Plaintiffs contend that the court lacks subject-matter jurisdiction because the parties are not diverse. Therefore, the court grants a temporary discovery stay pending the District Court's ruling on Plaintiff's motion to remand.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Colorado Hospital Association Shared Services, Inc.'s Motion to Stay Discovery (#15) is GRANTED.

IT IS FURTHER ORDERED that discovery is STAYED until the earlier of May 30, 2015, or two weeks after the District Court adjudicates Lori Grammer's Motion to Remand.

IT IS FURTHER ORDERED that Defendants are granted LEAVE to file a Renewed Motion to Stay by May 15, 2015, if the District Court has not adjudicated the Motion to Remand.

IT IS SO ORDERED.

DATED this 21st day of January, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE