**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LORI GRAMMER, *et al.*,<br><br>                    Plaintiffs,<br><br>vs.<br><br>COLORADO HOSPITAL ASSOCIATION SHARED SERVICES, INC., *et al.*,<br><br>                    Defendants. | Case No. 2:14–cv–1701–RFB–VCF<br><br>**ORDER**<br><br>MOTION TO LIFT STAY (#21)<br>RENEWED MOTION TO STAY DISCOVERY (#22)<br>REQUEST TO APPEAR TELEPHONICALLY (#31) |

This matter involves Lori Grammer's breach-of-contract action against Colorado Hospital Association Shared Services, Inc., *et al*. Three motions are before the Court. First, Plaintiff's Motion to Lift Stay of Discovery (#21). Defendant opposed (#24); and Plaintiff replied (#29). Second, before the court is Defendant's Renewed Motion to Stay Discovery (#22). Plaintiff opposed (#26); and Defendant replied (#27). Third, Defendant's Request to Appear Telephonically (#31). For the reasons stated below, Plaintiff's Motion to Lift Stay of Discovery (#21) is granted, Defendant's Renewed Motion to Stay Discovery (#22) is denied, the court's July 9, 2015, hearing is vacated, and Defendant's Request to Appear to Appear Telephonically (#31) is denied as moot.

**BACKGROUND**

Lori Grammer is a registered nurse. On December 23, 1988, she was working for Poudre Valley Hospital in Fort Collins, Colorado and was severely injured. After several surgical procedures, Grammer's health deteriorated. Eventually, Grammer and her husband, Steven, moved to Las Vegas, Nevada.

1

Since Grammer's injuries occurred during the course of her employment, her medical care was covered by a worker's compensation program. That program is overseen by Colorado Hospital Association Shared Services, Inc. and administered by CorVel Corporation. Accordingly, after experiencing several problems obtaining healthcare through the program, Grammer commenced this action against Colorado Hospital Association Shared Services, Inc. and CorVel Corporation, among others, in the Eighth Judicial District Court for the State of Nevada. (*See* Compl. (#1-2) at 15).

Four events in the procedural history of Grammer's action are relevant here. First, on October 15, 2014, Defendants removed Grammer's action to this court. Second, on October 23, 2014, the Honorable Robert Bare, Eighth Judicial District Judge, entered a stay because Grammer failed to exhaust her administrative remedies by litigating her claim through the Colorado Worker's Compensation system. (*See* Order (#15-1) at 3). Third, on November 11, 2014, Grammer filed a motion to remand, arguing that this court lacks jurisdiction because the parties are nondiverse and not, as Defendants contend, fraudulently joined. Fourth, on January 21, 2015, this court granted (#20) that discovery be stayed until the earlier of May 30, 2015 or two weeks after the District Court adjudicates Lori Grammer's Motion to Remand.

Now that the deadline has passed and no decision has been made on Grammer's Motion to Remand, Plaintiff requests the stay be lifted in this action. In opposition, Defendant argues that leave was granted to renew the Motion to Stay in the event the District Court had not adjudicated the Motion to remand. This order follows.

**LEGAL STANDARD**

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rule is that it "should be construed and administered to secure the just, speedy, and inexpensive determination of

2

every action." FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii).

Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." FED. R. CIV. P. 26(c)(1). Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing *Blankenship v. Hearst Corp*. 519 F.2d 418, 429 (9th Cir. 1975)).

Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *White v. Am. Tobacco Co.*, 125 F.R.D. 508 (D. Nev. 1989) (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982).

**DISCUSSION**

The parties agree that the state court order entered by Judge Bare, which stayed this case, is no longer applicable. Plaintiff has exhausted her administrative remedies through the Colorado Worker's Compensation system. (See #21 at 8). This case is distinguishable from *Rae* and *White* in that the pending District Court's adjudication of Plaintiff's motion is not for dismissal but for remand to state

court. This action will either continue in federal court or in state court. Unless the case settles, discovery will proceed regardless of the outcome of the District Court's remand decision.

The Court is cognizant that in its previous order, (#20 at 4:1-2) it granted leave to file a renewed motion to stay. This did not mean it would be automatically granted. As stated in the previous order, Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Defendant has not met its burden in showing "good cause" in what harm or prejudice would occur in lifting the stay nor has defendant provided a "strong showing" on why discovery should be denied.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Lori Grammer's Motion to Lift Stay (#21) is GRANTED.

IT IS FURTHER ORDERED that Colorado Hospital Association Shared Services, Inc.'s Renewed Motion to Stay Discovery (#22) is DENIED.

IT IS FURTHER ORDERED that the court's July 9, 2015, hearing (#30) is VACATED.

IT IS FURTHER ORDERED that Colorado Hospital Association Shared Services, Inc.'s Request to Appear Telephonically (#31) is DENIED as moot.

IT IS SO ORDERED.

DATED this 26th day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE