UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LORI GRAMMER and STEVEN GRAMMER,<br><br>Plaintiffs,<br><br>v.<br><br>COLORADO HOSPITAL ASSOCIATION SHARED SERVICES, INC., a foreign corporation; CORVEL CORPORATION, a foreign corporation; PERSONAL SEDAN SERVICES, LLC, a Nevada limited liability company; SMOOTH RIDE TRANSPORTATION, d.b.a. SMOOTH RIDE TRANSPORT, a California business entity; and MEDIC COACH SERVICE, a Nevada business entity; DOES 1-10; and ROE ENTITIES 1-10,<br><br>Defendants. | Case No. 2:14-cv-01701-RFB-VCF<br><br>**ORDER** |

This case is before the Court on a Motion to Remand (ECF No. 12) and a Motion for Hearing (ECF No. 33). For the reasons stated below, the Court grants Plaintiff's Motion to Remand and denies Defendant's Motion for Hearing.

This case arises out of Defendants' alleged failure to provide proper care for Plaintiff Lori Grammer's injuries under the Colorado Worker's Compensation Program. Plaintiffs filed their Complaint in state court alleging several causes of action against Defendants CHASSI, CorVel, Personal Sedan, Smooth Ride, and Medic Coach. Their allegations stem from the care Ms. Grammar received under the Colorado Worker's Compensation Program. First Am. Compl., ECF No. 1.

. . .

1     On October 15, 2014 pursuant to 28 U.S.C. §1332, Defendant Colorado Hospital Association Shared Services, Inc. filed a Petition for Removal to this Court, because Defendant alleges the parties are completely diverse and the amount in controversy exceeds the sum of $75,000. ECF No. 1. Defendant Smooth Ride Transportation and Corval Corporation joined in removal on October 16, 2014. ECF Nos. 4 and 5. On November 14, 2014, Plaintiffs filed a Motion to Remand to State Court because not all defendants have consented to the removal of the action. ECF No. 12. On July 23, 2015, Defendant Corval Corporation filed a Motion for Hearing. ECF No. 33.

When a civil action is removed under 28 U.S.C. § 1441, all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). In this action, Plaintiffs have properly joined and served five defendants, three of which have consented to removal. Two Defendants, Personal Sedan and Medic Coach ("the Nevada Defendants"), however, have not consented to the removal of this case to federal court. Therefore, this case must be remanded back to state court.

Defendants Colorado Hospital Association Shared Services, Inc., CorVel Corporation, and PDMD dba Smooth Ride Transportation ("the Removing Defendants") oppose Plaintiff's Motion to Remand on the basis that the doctrine of procedural misjoinder applies. Opp'n, ECF No. 14 at 2. The Removing Defendants argue that "Plaintiffs in this action have alleged two totally separate claims which are in no way connected to the primary disputes regarding ongoing care and treatment of Mrs. Lori Grammer under the Colorado workers' compensation proceedings." Id. at 4.

The Court disagrees. First, the Court is unaware of any Ninth Circuit precedent that recognizes "procedural misjoinder" as a "widely accepted concept." Second, the Court finds that the two Nevada Defendants can be plausibly connected to the claims against the Removing Defendants in this case. Namely, Plaintiffs allege that Defendant CorVel was involved in arranging transportation for Ms. Grammer, including arranging the deficient and negligent transportation with the Nevada Defendants. See First Am. Compl. ¶¶ 31, 39-43. Further, to the extent that factual ambiguities exist, the Ninth Circuit has held that the "strong presumption against removal

1  jurisdiction means that the defendant always has the burden of establishing that removal is proper,"
2  and that the court resolves all ambiguity in favor of remand to state court. Hunter v. Philip Morris
3  USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th
4  Cir.1992)).

Because the Court finds that "fraudulent misjoinder" does not apply, that the Nevada Defendants have not consented to removal, and that the Nevada Defendants have been properly joined as required by 28 U.S.C. § 1446, the Court grants Plaintiff's Motion to Remand (ECF No. 12).

In their Motion to Remand, the Plaintiffs also request that they be awarded attorneys' fees and costs. Mot. Remand at 6. The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Court finds that the Removing Defendants had a reasonable basis for removing this action. The Court therefore denies this request.

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED** but the request for attorneys' fees and costs is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Hearing is **DENIED**.

**IT IS ORDERED** that the Hearing scheduled for September 28, 2015 is **VACATED**.

DATED this 8th day of September, 2015.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**